UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                        Case No: 6:20-cr-98-Orl-41-EJK

**JOHN WESLEY MOBLEY, JR.,**

    **Defendant.**
_____/

**MOTION TO PRECLUDE IRRELEVANT
AND INFLAMMATORY EVIDENCE**

The Court is asked to preclude a BB gun, a pair of handcuffs, and the video tape of Mr. Mobley's arrest. None are relevant; all are inflammatory; and the statements in the video were obtained in violation of *Miranda.*

The Court is further asked to preclude testimony that an officer pondered that Mr. Mobley might be "seeking revenge." This is speculative and inflammatory.

The government opposes this motion.

1

**MEMORANDUM**

**FACTS**

The government accuses Mr. Mobely, Doc. 12 (indictment), of impersonating a United States Marshal at 7:25 in evening on May 31, 2020, during the Black Lives Matter protest at Westmoreland and Long Streets in Orlando. According to an Undercover for Orlando Police, Mr. Mobley got out of his car to roust protestors who were blocking his way by displaying a U.S. Marshall badge and asking them if they wanted to "get arrested" or "go to jail." Mr. Mobley was not encountered at this time and allowed to go about his business.

At 8:44 that night, Mr. Mobley is spotted again by this Undercover at Garland and Washington Streets wearing what appeared to be a firearm. She called for marked units to contact Mr. Mobley. She was "thinking that Mobley wanted to seek out revenge against the protestors." Turns out the firearm, which looks like a glock, is a BB gun.

In short order, Mr. Mobley is surrounded by uniformed Orlando Police officers mainly on bicycles. What follows was captured on a 12-minute video provided as an exhibit under separate cover. Repeatedly

police shouts ring out, "surround him! surround him!" He is promptly rear-cuffed and told repeatedly that he is being detained. Over and over a policeman loudly commands Mr. Mobley not to "tense up -- don't tense up." Mr. Mobley pleads, "I'm not resisting; I'm not resisting." No *Miranda* warnings were ever given.

Mr. Mobley is taken to a marked Orlando police car and placed in the back. The police also find a pair handcuffs on Mr. Mobley and the U.S. Marshall badge. Mr. Mobley tried to hide the badge. Throughout this encounter numerous officers are engaging Mr. Mobley in conversation, telling him his "not smart," and asking, "why do people know you have" the BB gun? Mr. Mobley replies with statements like "its just a BB gun," "I just wanted to look like you guys," and "I just wanted to help." Note, there is no evidence that anyone even saw the BB gun, except the Undercover, let alone that Mr. Mobley displayed it. Furthermore, Mr. Mobley appears to have urinated on himself, though he says it is from a water bottle.

## **LAW AND ARGUMENT**

"Evidence is relevant if: a) it has any tendency to make a fact more

or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 401, Fed.R.Evid.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, Fed.R.Evid.

Once a person is in custody, even answers to rhetorical questions obtained without the *Miranda* warning should be suppressed. *Jacobs v. Singletary*, 952 F.2d 1282 (11th Cir. 1992). In *Jacobs*, the defendant's answer, "we had no choice," to the rhetorical question, "do you like shooting cops," should have been suppressed.

The statements obtained during the arrest and the video of the arrest are not related to the incident that occurred an hour and 19 minutes earlier. They are not relevant. Mr. Mobley was never even asked about the earlier incident. The video and the statements involve Mr. Mobley's possession of a BB gun. Mr. Mobley did not use the BB gun or the handcuffs to impersonate a U.S. Marshall. There is no

evidence or allegation that he displayed these items to portray himself to be a U.S. Marshall.   Use of these items would serve only to depict Mr. Mobley in a bad light.   They do not tell us anything about whether or not he displayed a U.S. Marshall badge to protestors an hour and 19 minutes earlier.

The video is inflammatory, depicting Mr. Mobley as some sort of hardened criminal who had to be literally surround by officers and who urinated on himself.   The issue is whether Mr. Mobley displayed a U.S. Marshall badge to protestors much earlier in the evening; it is not about his wearing of a BB bun.   That Mr. Mobley tried to hide the badge cannot be chalked up to consciousness of guilt about the incident from an hour and 19 minutes earlier because he has no idea that an Undercover alleges that he displayed it then.

Loudly, Mr. Mobley is told repeatedly that he is being detained. He is immediately reared cuffed and placed in the back of a patrol car. It cannot be seriously disputed that he was in custody.   He was never advised of his *Miranda* rights, yet, the officers continue to engage him in conversation asking him why people know he has the BB gun, which is

not really accurate, telling him he is not smart, among other encouragements to him to talk – all in violation of *Miranda*. Like the rhetorical question in *Jacobs*, the officers here cajole Mr. Mobley to keep talking. Furthermore, Mr. Mobley is making statements in a context that is not related to the earlier incident and for which a jury could be confused.

The Court is asked to preclude the video, the BB gun, and the handcuffs. They are not relevant; they are unduly prejudicial, and the statements were obtained in violation of a *Miranda*.

The Court is also asked to preclude the speculation that Mr. Mobley was "seeking revenge."

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s/ Michael S. Ryan*
Michael S. Ryan
Assistant Federal Defender
Arizona Bar No. 0018139
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: Michael_Ryan@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to John M. Gardella, Assistant United States Attorney, this 4th day of December 2020.

<span style="margin-left:auto;">*/s/ Michael S. Ryan*<br>Attorney for Defendant</span>