UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                             CASE NO. 6:20-CR-98-ORL-41EJK

JOHN WESLEY MOBLEY JR.

## UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO SUPPRESS EVIDENCE

The United States opposes Defendant's request to suppress because the evidence is relevant, highly probative, and there is no rule of evidence or constitutional reason to suppress this evidence.

## BACKGROUND

The allegation in the indictment occurred on May 31, 2020, during protests in downtown Orlando. Doc. 12. An undercover Orlando Police Officer witnessed Mobley impersonating law enforcement. A short time later, Mobley was again spotted by the undercover officer and due to his prior actions and because the officer identified that Mobley was wearing a gun underneath his shirt, he was confronted by uniformed Orlando Police Officers. Doc. 12. Mobley's interaction with the officers is recorded on body camera. The entire body camera video is 12 minutes and 5 seconds long, and the government seeks to admit the entire video into evidence. Mobley is never read his *Miranda* rights, because law enforcement never intended to question

him.  Instead, they sat him in the back of a police car, temporarily, to determine the facts of the allegations from other officers on the radio and then, if necessary, transport him in another vehicle to the jail.  Mobley initiates communication with the officers by making spontaneous statements in the beginning of the video as they move Mobley away from protestors and search him to determine if he has a gun.  As they search him, the officers find a BB gun in a holster attached to Mobley's belt and a set of handcuffs.  The officers handcuff Mobley and put him in the back of a police car and leave the door of the vehicle open.  Mobley is sitting with his legs out of the car and facing one of the officers as the officer talks on the radio and to other officers in the area.  Mobley again initiates communications by making multiple exculpatory statements.  After the first two exculpatory statements, the officer asks Mobley the only substantive question, "Why do people know you have that, then?"  Mobley responded to that question by shrugging his shoulders and shaking his head.  About six seconds pass and Mobley continues to make exculpatory or mitigating statements.

Any other questions in the video are attendant to Mobley's detention when the officer asks about whether he has a driver's license or a concealed weapons permit.  The officer is polite to Mobley the entire time.  Mobley explains that he has water on his pants from his water bottle being spilled.

The officer allows Mobley to stand up and adjusts the handcuffs for comfort. Then Mobley attempts to hide a United States Marshal Badge in the backseat of the police vehicle. The officer identifies what Mobley is attempting to do and recovers the badge from the vehicle. The officer exclaims "United States Marshal, I bet not." Mobley then says, "I'm not. I told you I was just trying to look like when you all make people think that I was."

## MEMORANDUM OF LAW

In order to prove Count One of the indictment, the United States must prove beyond a reasonable doubt that Defendant 1) pretended to be an officer acting under the authority of the United States, 2) acted as such, and 3) did so knowingly with intent to deceive or defraud another. 11th Cir. Pattern Jury Instr. (Crim.) 033 (2016); Doc. 12. "Pursuant to Rule 403, a district court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *United States v. Blair*, 493 Fed. App'x 38, 49 (11th Cir. 2012) (citing Fed. R. Evid. 403). "The exclusion of evidence under Rule 403 is an extraordinary remedy, and thus a district court should use the Rule to exclude 'only sparingly.'" *Id*. (quoting *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006)).

**1. The bodycam video is relevant evidence of each element of the charged offense, not unfairly prejudicial, and any of Defendant's statements are admissible under Fed. R. Evid. 801(d)(2).**

The bodycam video, documents the arrest that occurred on the same day and shortly after the allegations in Count One of the indictment. Doc. 12. The video documents: 1) evidence of identification, that it was Defendant who pretended to be an officer; 2) the seizure of the tools that Defendant possessed at the time of his arrest and that he used to pretend he was an officer, to act as such, with intent to deceive; 3) evidence of the Defendant's consciousness of guilt and attempt to hide the tool he used to commit the charged offense; and 4) various admissions Defendant made indicating his prior intent to pretend to be an officer to deceive others.

This body camera video is not unfairly prejudicial. The officers are polite to Defendant and they do not raise their voices, other than the very beginning of the video when officer safety was a concern. There is no persistent questioning or provocative remarks. Officers repeatedly say Defendant is being "detained," because they are unsure about all of the relevant facts. The Defendant explains in the video that his pants are wet because he spilled water on himself. There is nothing that distinguishes this body camera video and justifies the extraordinary remedy of excluding this very probative evidence under Rule 403.

The body camera video should also not be suppressed as the statements Defendant made were spontaneous, no police interrogation took place. "Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. . . . Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona*. 384 U.S. 436, 478 (1966). "'Interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." *R.I. v. Innis*, 446 U.S. 291, 300 (1980). "'Interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id*. at 301. "Custodial interrogation means 'questioning initiated by law enforcement officers after a person was been taken into custody. . . .'" *Illinois v. Perkins*, 496 U.S. 292, 296 (1990) (quoting *Miranda*, 384 U.S. at 444). "The Supreme Court excludes from the definition of 'interrogation' those police communications 'normally attendant to arrest and custody.'" *Everett v. Sec'y, Fla. Dep't of Corr.*, 779 F.3d 1212, 1244 (11th Cir. 2015) (quoting *Innis*, 446 U.S. at 301. "Simply put, the police officers were not forbidden contact

with [the defendant] that did not amount to interrogation." *Id*.

Courts have refused to suppress similar statements that were not the result of an interrogation. A defendant boasted about his crimes to a police officer while handcuffed inside of a warehouse that was secured by the police. *United States v. Gonzales*, 121 F.3d 928, 934 (5th Cir. 1997). The defendant said "we made you work for that s_, you all thought you weren't going to find it," and claimed "all of that is mine." *Id*. The officer's response and inquiry about the defendant's statement was found to be a request for the defendant to "clarify his statement." *Id*. at 939-40. The court said that the "spontaneous colloquy does not constitute an 'interrogation.'" *Id*. at 940.

Similarly, an officer inquired of the defendant while he was sitting handcuffed in the police car on his way to the jail. *United States v. Palmer*, 2017 U.S. Dist. LEXIS 98411 *3-4 (S.D. Ga. June 5, 2017). The District Court found the one question of why the defendant was "moving around so much" did not cross the *Innis* threshold into interrogation. *Id*. at *11.

The *Jacobs* case, cited by the defense is inapposite to the facts of this case as the court's ruling was based on "repeated interrogations" after a suspect had demonstrated "her desire to terminate questioning." *Jacobs v. Singletary*, 952 F.2d 1282, 1292-95 (11th Cir. 1992).

The Defendant in this case initiates communication with officers and spontaneously makes multiple statements and the officers respond only one time to those statements.   The Defendant never responds to the one question asked by one of the officers, instead he pauses and then continues to initiate contact with the officers.   The officers' intent was not to question the Defendant at all, their main concern was to determine the facts and remove Defendant from the area.   Any questions asked about the Defendant's driver's license, where he was from, whether he had a concealed weapons permit, were all attendant to the detention and did not amount to interrogation. Defendant's statement indicating that he was just trying to look like the officers to "make people think that I was," is highly probative of Defendant's intent.   This statement was not in response to any words or actions that the officer should have known was reasonably likely to elicit an incriminating response.

The body camera video and Defendant's statements within the video are highly probative, are relevant to each of the elements of the offense, and there is no reason to suppress these statements or to use the extraordinary remedy of excluding this evidence under Rule 403.

**2. The BB gun and the handcuffs are the tools Defendant possessed to commit the charged offense, their probative value is high and it is not substantially outweighed by any of the concerns in Fed. R. Evid. 403.**

Similarly, as described above, these are the tools that Defendant possessed at the time of his arrest and that he used to pretend he was an officer, to act as such, with intent to deceive. These tools are also evidence of identification, that the officers found the right person who was displaying the Deputy Marshal badge. The BB gun is a very similar replica to actual Glock pistol in both weight and style. The handcuffs are functional and their weight and style indicates that they are genuine handcuffs. The defense claims that admission of the BB gun and the handcuffs that were found on the Defendant shortly after would be unfairly prejudicial. Even though the evidence in this case does not indicate that Defendant displayed the BB gun or the handcuffs when he pretended to be a Deputy Marshal on May 31, 2020, this evidence is certainly relevant and is essential to the government's case.

These tools are highly probative of the Defendant's intent when committing the offense just a short time prior and that the officers identified the right suspect within a crowd of protestors. "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent." *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998); *see also United States v. Barrington*, 648 F.3d 1178, 1186

(11th Cir. 2011). The authenticity of these tools and that the Defendant was carrying them along with the U.S. Marshal badge are highly probative of Defendant's intent to deceive the protestors. This evidence has high probative value that outweighs any of the defense's claims of unfair prejudice and there is no justification for the extreme remedy of excluding it under Rule 403.

## CONCLUSION

In conclusion, the United States respectfully requests that the Court not exclude the highly probative evidence of the body camera video, and the BB gun and handcuffs found on the Defendant.

    Respectfully submitted,

    MARIA CHAPA LOPEZ
    United States Attorney

By:   *s// John M. Gardella*
    John M. Gardella
    Assistant United States Attorney
    Florida Bar: 85906
    400 W. Washington Street Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7500
    Fax: (407) 648-7643
    E-mail: John.Gardella@usdoj.gov

U.S. v. JOHN MOBLEY JR.        CASE NO. 6:20-CR-98-ORL-41EJK

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael Ryan, Counsel for Defendant

                                        *s// John M. Gardella*
                                        John M. Gardella
                                        Assistant United States Attorney
                                        Florida Bar: 85906
                                        400 W. Washington Street Suite 3100
                                        Orlando, Florida 32801
                                        Telephone: (407) 648-7500
                                        Fax: (407) 648-7643
                                        E-mail: John.Gardella@usdoj.gov