AF Approval _____          Chief Approval _____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 6:20-cr-98-orl-41EJK

JOHN WESLEY MOBLEY, JR.

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, John Wesley Mobley, Jr., and the attorney for the defendant, Michael S. Ryan, mutually agree as follows:

**A.**    **Particularized Terms**

    1.    <u>Count Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the indictment. Count One charges the defendant with impersonating a federal law enforcement officer, in violation of 18 U.S.C. § 912.

    2.    <u>Maximum Penalties</u>

Count One carries a maximum sentence of three years imprisonment, a fine of $250,000, a term of supervised release of not more than one years, and a special assessment of $100 per felony count for individuals.

Defendant's Initials _____

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:    That the Defendant falsely assumed or pretended to be an officer or employee acting under the authority of the United States, as charged;

Second:    That, while pretending to be a federal officer or employee, the Defendant acted as such; and

Third:    That the defendant did so knowingly and willfully with intent to deceive or defraud another.

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, no further charges giving rise to this plea agreement.

Defendant's Initials _____                    2

5.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6.   Chapter Two Offense Level - Joint Recommendation

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant's Chapter Two offense level be calculated at 6 pursuant to USSG §2J1.4. The parties agree to jointly recommend to the court that the specific offense characteristic at USSG §2J1.4(b)(1) does not apply. The parties understand that such joint recommendations are not binding on the Court, and if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials                     3

7.   Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing

Defendant's Initials                     4

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.



Defendant's Initials _____          5

4.  Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United

Defendant's Initials           6

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.     Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials _____          7

Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

          The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

Defendant's Initials         8

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials           9

defendant's understanding of the nature of the offense or offenses to which

defendant is pleading guilty and the elements thereof, including the penalties

provided by law, and defendant's complete satisfaction with the representation

and advice received from defendant's undersigned counsel (if any).  The

defendant also understands that defendant has the right to plead not guilty or

to persist in that plea if it has already been made, and that defendant has the

right to be tried by a jury with the assistance of counsel, the right to confront

and cross-examine the witnesses against defendant, the right against

compulsory self-incrimination, and the right to compulsory process for the

attendance of witnesses to testify in defendant's defense; but, by pleading

guilty, defendant waives or gives up those rights and there will be no trial.

The defendant further understands that if defendant pleads guilty, the Court

may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record,

and in the presence of counsel (if any), defendant's answers may later be used

against defendant in a prosecution for perjury or false statement.  The

defendant also understands that defendant will be adjudicated guilty of the

offenses to which defendant has pleaded and, if any of such offenses are

felonies, may thereby be deprived of certain rights, such as the right to vote, to

hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____            10

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.
The defendant certifies that defendant does hereby admit that the facts set
forth in the attached "Factual Basis," which is incorporated herein by
reference, are true, and were this case to go to trial, the United States would be
able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the
government and the defendant with respect to the aforementioned guilty plea
and no other promises, agreements, or representations exist or have been
made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____        11

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this ___18___ day of December, 2020.

MARIA CHAPA LOPEZ
United States Attorney


JOHN WESLEY MOBLEY, JR.
Defendant

John M. Gardella
Assistant United States Attorney


Michael S. Ryan
Attorney for Defendant

Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division


Defendant's Initials _____               12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 6:20-cr-98-orl-41EJK

JOHN WESLEY MOBLEY, JR.

PERSONALIZATION OF ELEMENTS

1. Did you pretend to be an officer or employee acting under the authority of the United States?

2. Did you act as such?

3. Did you act knowingly with intent to deceive or defraud another?

Defendant's Initials _____                    13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 6:20-cr-98-orl-41EJK

JOHN WESLEY MOBLEY, JR.

### FACTUAL BASIS

On or about May 31, 2020, in the Middle District of Florida, the
defendant, John Wesley Mobley, Jr., did falsely assume and pretend to be an
officer and employee acting under the authority of the United States and any
department and agency of the United States, that is a Deputy Marshal with the
United States Marshals Service, and in such assumed and pretended character
did act as such, in that he presented a false United States Marshals Service
badge to individuals and indicated that he had the authority to arrest them.

Specifically, on May 31, 2020, two members of the Orlando Police
Department ("OPD") acted in an undercover capacity ("UC") during a protest
occurring in Orlando, Florida, in the Middle District of Florida observed an
individual, later identified as the defendant, posing as a member of law
enforcement.  The UCs observed the defendant driving a gold Ford vehicle,
which was registered to him. The defendant was forced to stop his vehicle
because of passing protestors. The defendant got out of the vehicle, walked

Defendant's Initials                     14

towards the protestors, showed the protestors what appeared to be a law enforcement badge, and stated "Do you want to get arrested? Do you want to go to jail?" In response, a protestor responded, "He's a Marshal!" The protestors then began warning other protestors that the defendant, was with law enforcement. The defendant got back into his vehicle and drove away.

Approximately an hour and nineteen minutes later, other members of OPD observing the protest received information over their radios that the UCs had again observed the defendant in a crowd of protestors with a firearm in his waistband.

As a result, two OPD officers approached the defendant in the crowd. One of the OPD officers secured the defendant by the arm and removed him from the group of protestors for the safety of the public. The defendant spontaneously stated, "It's just a BB gun" and "I just wanted to look like you guys." The defendant then stated, "I just wanted to help." During the encounter with the defendant, OPD officers observed a large bulge in the shape of a pistol holster on the defendant's right hip. The OPD officers secured what appeared to be a Glock pistol. Upon further later examination, it was later determined that the defendant possessed a BB gun replica of a Glock pistol, which is not a firearm.

Defendant's Initials _____                    15

As the OPD officers secured what they believed to be a real firearm, one of them noticed a silver set of metal handcuffs hanging from the defendant's belt. The OPD officers then placed the defendant in the back of an OPD patrol vehicle.

The defendant then asked one of the OPD officers to adjust his handcuffs because they were too tight. After they were adjusted, the OPD officer observed the defendant reach toward the front of his waistband, remove an item, and sit down with the object in his hand. The OPD officer removed the defendant from the vehicle, and the defendant dropped a silver badge with the words "United States Marshal" written on the front. Further investigation revealed that the badge possessed by the defendant is not genuine but is similar to and appears to be a real USMS badge.

Defendant's Initials _____          16